# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20126
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
June 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY MALFITANO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-393-2

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Anthony Malfitano appeals the within-guidelines-range sentences imposed following his jury convictions for conspiracy to commit wire fraud and aiding and abetting wire fraud. Malfitano argues that the district court erred by applying (1) a four-level enhancement pursuant to U.S.S.G. § 3B1.1(a) for his role as an organizer or leader and (2) a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(10(C) based on sophisticated means.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20126

We review the district court's application of the Sentencing Guidelines de novo. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). The district court's determination that a defendant is an organizer or leader under § 3B1.1(a) is a factual determination that we review for clear error. *United States v. Cabrera*, 288 F.3d 163, 173 (5th Cir. 2002). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *United States v. Gonzales*, 436 F.3d 560, 584 (5th Cir. 2006). A close examination of the record in this case, including the transcript of the trial, shows that there was sufficient evidence to support the district court's leadership enhancement. Further, even if, as Malfitano suggests, his co-conspirator Laura Glass was a leader within the mortgage fraud conspiracy, the Guidelines commentary provides that "[t]here can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy." § 3B1.1, comment. (n.4). Accordingly, the district court's finding that Malfitano was a leader or organizer for purposes of § 3B1.1(a) was not clearly erroneous. *See United States v. Curtis*, 635 F.3d 704, 720 (5th Cir. 2011); *United States v. Cooks*, 589 F.3d 173, 185 (5th Cir. 2009).

We also review for clear error the district court's factual determination that the defendant used sophisticated means. *United States v. Conner*, 537 F.3d 480, 492 (5th Cir. 2008). The record reflects that although Malfitano provided his true identity, he attempted to avoid detection and to conceal the fraudulent nature of the transactions at issue, and he attempted to legitimize the proceeds distributed to him through his company United Builders. In view of the foregoing, the district court did not clearly err in finding that Malfitano intentionally employed "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." § 2B1.1, comment. (9(B)); *see Conner*, 537 F.3d at 492.

Accordingly, the judgment of the district court is AFFIRMED.

2